UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE GEORGIA
ATHENS DIVISION

**Patrick Sheats, and similarly situated employees,**
        **Plaintiff,**        CASE NO.:

vs.

**Georgia Medical Transportation, and Joe Hale, Individually**

        **Defendants.**
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Patrick Sheats ("Sheats"), on behalf of himself and those similarly situated, by and through the undersigned attorney, sues Georgia Medical Transportation, a Domestic Profit Corporation, and, Joe Hale, Individually (collectively "Defendants") and alleges:

### INTRODUCTION

1. Plaintiff, Patrick Sheats, was an employee of Georgia Medical Transportation ("GMT"), and brings this action for unpaid overtime compensation, unpaid wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee performing local transport duties within the last three years, *i.e.* from May 2015 through October 2015, for Defendant in Oconee County, Georgia.

3. Defendant, Georgia Medical Transportation is a Georgia Corporation that operates and conducts business in, among others, Oconee County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, Owner Joe Hale was an individual resident of the State of Georgia, who owned and operated Georgia Medical Transportation and who regularly exercised the authority to: (a) hire and fire employees of Georgia Medical Transportation; (b) determine the work schedules for the employees of Georgia Medical Transportation and (c) control the finances and operations of Georgia Medical Transportation.

5. By virtue of having regularly exercised that authority on behalf of Georgia Medical Transportation, Joe Hale was an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

8. The venue of this Court over this controversy is proper based upon the claim arising in Oconee County, Georgia.

## PARTIES

9. Plaintiff was a non-exempt paid transporter who worked for the Defendants in Oconee County, Georgia in 2015.

10. The proposed class members also worked for Defendants as transporters in Oconee County, Georgia within the past three years.

11. Plaintiff and the proposed class members were subject to similar violations of the FLSA.

12. Defendant, Georgia Medical Transportation, is a Domestic Profit Corporation which operates and conducts business from its headquarters in Bogart, Georgia, and is therefore within the jurisdiction of this Court.

13. At all times relevant to this action, Owner Joe Hale was an individual resident of the State of Georgia, who owned and operated Georgia Medical Transportation, and who regularly exercised the authority to: (a) hire and fire employees of Georgia Medical Transportation; (b) determine the work schedules for the employees of Georgia Medical Transportation and (c) control the finances and operations of Georgia Medical Transportation.

14. By virtue of having regularly exercised that authority on behalf of Georgia Medical Transportation, Joe Hale is an employer as defined by 29 U.S.C. § 201, et seq.

## FACTUAL ALLEGATIONS

15. Plaintiff, and those similarly situated employees, worked for Defendants and performed transport and related activities

16. Specifically, Plaintiff, and those similarly situated employees, drove company owned vehicles, and provided local transportation within the state for individuals to nearby hospitals and medical centers.

17. Plaintiff worked in this capacity from approximately May 1, 2015 through October of 2015.

18. Plaintiff was compensated through a combination of base rate,

per individual trip, per type of individual transported, mileage, and other financial incentives.

19. Defendants agreed to pay Plaintiff, and those similarly situated employees, wages for work performed by Plaintiff and those similarly situated employees. Plaintiff, and those similarly situated employees, accepted this agreement and did work for Defendants.

20. During his employment with Defendants, Plaintiff, and those similarly situated employees, regularly worked more than forty (40) hours a week, but were not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and those similarly situated employees, are in the possession and custody of Defendants.

## COVERAGE

22. At all times relevant to this action (2013-2016), Georgia Medical Transportation was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

23. At all times relevant to this action (2013-2016), Georgia Medical Transportation, made gross earnings of at least $500,000 annually.

24. At all times relevant to this action (2013-2016), Defendants accepted payments from customers based on credit cards issued by out of state banks.

25. At all times relevant to this action (2013-2016), Defendants had 2 or more employees engaged in commerce, handling or otherwise working with

vehicles and equipment that have been moved in or produced for commerce.

26. At all times relevant to this action (2013-2016), Plaintiff was individually engaged in commerce during his employment with Defendants, by driving vehicles and equipment from out of state.

27. At all times relevant to this action (2013-2016), Defendants used U.S. mail to send and receive letters to and from other states.

28. At all times relevant to this action (2013-2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE FACTUAL ALLEGATIONS

29. Class members are treated equally by Defendants.

30. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

31. Defendants employed several transporters who were improperly paid overtime wages in the State of Georgia within the past three (3) years.

32. Defendants pay class members in the same manner.

33. Plaintiff and all class members worked in the State of Georgia.

34. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

35. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

36. During the relevant period, Defendants violated the FLSA by improperly refusing to paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per week.

37. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

38. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable fees and costs if they prevail.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION**

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

40. Plaintiff, and those similarly situated employees, were entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.  During their employment with Defendants, Plaintiff, and those similarly situated employees, worked overtime hours but were not paid time and one-half compensation for same.

41. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff, and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated employees, are entitled to liquidated damages.

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Patrick Sheats, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, Georgia Medical Transportation, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS JOE HALE INDIVIDUALLY

46.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-38 above.

47.     Defendant, Joe Hale, is the owner and registered agent of Defendant, Georgia Medical Transportation.

48.     Defendants Joe Hale was a manager who acted with direct control over the work, pay, and job duties of Plaintiff and similarly situated employees.

49.     Defendant Joe Hale (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedules or conditions of employment, (3) determined Plaintiff's rate and method of payment, (4) maintained employment records, and determined Georgia Medical Transportation's overtime policies.

50.     As such, Defendant Joe Hale is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, Patrick Sheats, on behalf of himself and those similarly situated, demands judgment against Defendant, Joe Hale, for the

payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants Georgia Medical Transport and Joe Hale.

### DEMAND FOR JURY TRIAL

51.     Plaintiff demands a jury trial on all issues so triable against Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 22nd day of November, 2016.

/s/ Adian Miller
Adian Miller
GABN 794647
Morgan & Morgan, P.A.
191 Peachtree Street, N.E. Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
Email:ARMiller@forthepeople.com
Attorneys for Plaintiff